T.C. Memo. 2013-252

UNITED STATES TAX COURT

HORACE MONROE CHAMBERS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2474-13L.                          Filed November 6, 2013.

Horace Monroe Chambers, pro se.

<u>Craig A. Ashford</u>, for respondent.

MEMORANDUM OPINION

VASQUEZ, <u>Judge</u>:  Pursuant to section 6330(d)(1),[1] petitioner seeks review

of respondent's determination to proceed with collection by levy of his unpaid

_____

[1] Unless otherwise indicated, all sections references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[*2] 2005 and 2007 Federal income tax liabilities.  The matter is before the Court on respondent's motion for summary judgment filed pursuant to Rule 121, to which petitioner objects.  We conclude that there is no genuine dispute as to any material fact, and respondent is entitled to summary judgment as a matter of law.

Background

Petitioner did not file a Federal income tax return for 2005 or 2007.  The Internal Revenue Service (IRS) prepared substitutes for returns for 2005 and 2007 pursuant to section 6020(b).  On February 22, 2011, the IRS mailed to petitioner a notice of deficiency for 2007 which was addressed to his last known, and current, address.[2]  On June 20, 2011, the IRS mailed to petitioner a notice of deficiency for 2005 which was addressed to his last known, and current, address.[3]  Petitioner did not file petitions contesting the deficiency determinations.  On August 1, 2011, the IRS assessed the tax and additions to tax for 2007, and on November 14, 2011, the IRS assessed the tax and additions to tax for 2005.

---

[2]  The U.S. Postal Service (USPS) track and confirm service indicates that this notice of deficiency was delivered on February 26, 2011.  Petitioner has not disputed receiving this notice of deficiency.

[3]  The USPS Track and Confirm service indicates that this notice of deficiency was delivered on June 24, 2011.  Petitioner has not disputed receiving this notice of deficiency.

**[\*3]**  Petitioner failed to pay the assessed tax liabilities, and on May 14, 2012, the IRS sent him a Final Notice of Intent to Levy and Notice of Your Right to a Hearing.  On May 29, 2012, the IRS received petitioner's Form 12153, Request for a Collection Due Process or Equivalent Hearing (CDP hearing request).[4] Petitioner attached to the form a letter in which he stated that he did not owe any tax because the Office of Personnel Management (OPM) had misreported his retirement income.  He did not request a collection alternative.

On August 3, 2012, Appeals Account Resolution Specialist (AAR Specialist) Diana Bruno of the IRS Office of Appeals (Appeals Office) sent petitioner a letter scheduling a telephone CDP hearing for September 20, 2012. The letter advised petitioner that if he disagreed with the substitutes for returns, AAR Specialist Bruno would allow him to provide original returns.  The letter also stated that in order for AAR Specialist Bruno to consider collection alternatives, petitioner had to submit a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, and file tax returns for 2010 and

---

[4]  Petitioner requested a collection due process (CDP) hearing with respect to his unpaid tax liabilities for 2005, 2006, and 2007.  Petitioner's request with respect to 2006 was untimely, and he was given an equivalent hearing for that year.

**[*4]** 2011. Petitioner did not provide AAR Specialist Bruno with a Form 433-A or a tax return for 2005, 2007, 2010, or 2011.

On September 20, 2012, AAR Specialist Bruno held a telephone conference with petitioner during which petitioner disputed only the underlying tax liabilities for the years at issue. AAR Specialist did not address collection alternatives because none were requested.

On January 4, 2013, the IRS issued to petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 sustaining the proposed levies. On January 28, 2013, petitioner timely filed a petition with the Court.[5]

## Discussion

### I. Summary Judgment

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). We may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). In deciding whether to grant summary judgment, we

---

[5] Petitioner resided in California at the time he filed his petition.

**[*5]** construe factual materials and inferences drawn from them in the light most favorable to the nonmoving party. Sundstrand Corp. v. Commissioner, 98 T.C. at 520. However, the nonmoving party "may not rest upon * * * mere allegations or denials" but instead "must set forth specific facts showing that there is a genuine dispute". Rule 121(d); see Sundstrand Corp. v. Commissioner, 98 T.C. at 520.

## II. Determination To Sustain the Proposed Levies

Section 6330(a) provides that the Secretary shall furnish taxpayers with written notice of their right to a hearing before any property is levied upon. Section 6330 further provides that the taxpayer may request administrative review of the matter (in the form of a hearing) within a prescribed 30-day period. Sec. 6330(a) and (b).

Pursuant to section 6330(c)(2)(A), a taxpayer may raise at the section 6330 hearing any relevant issue with regard to the Commissioner's collection activities, including spousal defenses, challenges to the appropriateness of the Commissioner's intended collection action(s), and alternative means of collection. Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, 114 T.C. 176, 180 (2000). If a taxpayer received a notice of deficiency for the year in issue or otherwise had the opportunity to dispute the underlying tax liability, the taxpayer is precluded from challenging the existence or amount of the underlying

[*6] tax liability. Sec. 6330(c)(2)(B); Sego v. Commissioner, 114 T.C. at 610-611; Goza v. Commissioner, 114 T.C. at 182-183.

Petitioner challenges the underlying tax liabilities for 2005 and 2007.[6] The IRS issued petitioner notices of deficiency for 2005 and 2007 and provided evidence of their delivery to him. Petitioner did not set forth any facts showing a dispute as to his receipt of the notices and did not petition in response to either. Therefore petitioner is precluded from challenging the underlying tax liabilities. See sec. 6330(c)(2)(B); Sego v. Commissioner, 114 T.C. at 610-611; Goza v. Commissioner, 114 T.C. at 182-183; see also, e.g., D'Arcy v. Commissioner, T.C. Memo. 2011-213.

Where, as here, the underlying tax liabilities are not at issue, we review the Commissioner's determination for abuse of discretion. Sego v. Commissioner, 114 T.C. at 610; Goza v. Commissioner, 114 T.C. at 181-182. In reviewing for abuse of discretion, we will reject the determination of the Appeals Office if the determination was arbitrary, capricious, or without sound basis in fact or law. See

_____

[6] Petitioner asserts that the Forms 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., submitted by OPM are fraudulent. Petitioner's dispute with OPM involves an order by the Superior Court of California, County of Nevada, directing OPM to pay a portion of petitioner's retirement benefits to his ex-wife. Petitioner appears to be arguing that OPM either erred in abiding by the order or misinterpreted it.

**[*7]** Rule 142(a); <u>Murphy v. Commissioner</u>, 125 T.C. 301, 320 (2005), <u>aff'd</u>, 469 F.3d 27 (1st Cir. 2006); <u>see also</u> <u>Keller v. Commissioner</u>, 568 F.3d 710, 716 (9th Cir. 2009), <u>aff'g in part</u> T.C. Memo. 2006-166.  However, we do not substitute our judgment for that of the Appeals Office, and we do not decide independently whether the levy should be withdrawn.  <u>See</u> <u>Murphy v. Commissioner</u>, 125 T.C. at 320.  Instead, we consider whether, in the course of making its determination, the Appeals Office (1) verified that the requirements of applicable law and administrative procedure have been met, (2) considered any relevant issue raised by the taxpayer that relates to the unpaid tax or the proposed levy, and (3) determined whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary.  Sec. 6330(c)(1)-(3).  We find that AAR Specialist Bruno properly based her determination on the first and third factors.

Petitioner has not advanced any argument or introduced any evidence that would allow us to conclude that the determination to sustain the proposed levies was arbitrary, capricious, or without sound basis in fact or law.  Petitioner did not request that AAR Specialist Bruno consider collection alternatives, failed to

**[*8]** provide the financial information requested or file all required tax returns, and disputed only the underlying tax liabilities in his CDP hearing request.

Accordingly, respondent did not abuse his discretion in determining that the collection activity should proceed.  We are satisfied that there is no genuine issue as to any material fact, and a decision may be rendered as a matter of law.  Accordingly, we will grant respondent's motion for summary judgment.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.